63657, 63658. COLUMBUS DODGE, INC. v. PARKER et al.; and vice versa.

SOGNIER, Judge.

On April 10, 1980 Richard and Deborah Parker entered into a retail installment sales contract with Columbus Dodge, Inc. for the purchase of a 1980 Ford van. The Parkers sued Columbus Dodge for

violations of the Truth in Lending Act, 15 USCA § 1601 et seq. The trial court entered summary judgment in favor of the Parkers including $1,000 statutory penalty and attorney fees. Columbus Dodge appeals. The Parkers filed a cross-appeal from the trial court's ruling that they are entitled to only one ($1,000) recovery under TILA rather than recovery for each as a party to the contract.

1. Appellant Columbus Dodge contends that the trial court erred in granting summary judgment in favor of the appellees because there had been no violation of TILA. We agree and reverse.

(a) The trial court found that using the language "highest lawful contract rate" while referring to interest after default and acceleration is a violation of Regulation Z of the Truth in Lending Act. Appellant argues that TILA does not proscribe the use of such language in connection with interest after default.

The contract provides for repossession and sale of the property purchased after default and further for recovery of a deficiency "with interest at the highest lawful contract rate from the Buyer." The contract also provides for payments by the seller (appellant) in the event buyer (appellee) defaults on liens, taxes and encumbrances on the property or insurance premiums. Any sum of money owed to the seller in such event would be payable "with interest at the highest lawful rate." Regulation Z requires disclosure of "(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges *payable in the event of late payments.*" 12 CFR § 226.8 (b) (4). (Emphasis supplied.)

Smith v. Chapman, 614 F2d 968 (5th Cir. 1980), upon which appellees rely to support their argument, is not applicable to the instant case. In that case the federal court found a violation of § 226.8 (b) (4) in a contractual provision that provided for delinquency charges on each installment payment in default. We do not think the holding in Smith applies to the provisions of the contract here. There is nothing in Regulation Z, § 226.8 requiring disclosure of any charges relating to payments on deficiencies or payments because of default on taxes, liens, encumbrances or insurance premiums.

(b) Next, the trial court found that appellant had violated Regulation Z, § 226.4 (a) (6) by failing to properly include the cost of mechanical breakdown insurance in the finance charge. Mechanical breakdown insurance was listed on the left side of the contract at $300 under "Other Charges." The item was asterisked and described on the right side of the contract as follows: "MECHANICAL BREAKDOWN INSURANCE for a term of *12* months and/or *12000* miles with a *$0* Deductible. BUYER MAY CHOOSE THE PERSON THROUGH WHICH THE INSURANCE MAY BE OBTAINED."

Section 226.4 (a) provides that included in the finance charge

will be: "(6) Charges or premiums for insurance, written in connection with any credit transaction, against loss of or damage to property or against liability arising out of the ownership or use of property, *unless* a clear, conspicuous, and specific statement in writing is furnished by the creditor to the customer setting forth the cost of the insurance if obtained from or through the creditor and stating that the customer may choose the person through which the insurance is to be obtained." (Emphasis supplied.)

The cost of mechanical breakdown insurance was not included in the finance charge; however, the cost of the insurance was properly disclosed and a statement was made giving the buyer the option of obtaining his own insurance. Under the circumstances, we see no violation of Regulation Z, § 226.4 (a) (6).

Appellee argues that the mechanical breakdown insurance charge should have been included in the finance charge under § 226.4 (a) (7): "Premium or other charge for any other guarantee or insurance protecting the creditor against the customer's default or other credit loss." We do not agree. Mechanical breakdown insurance is included in the definition of "property insurance" under Code Ann. § 56-405 (b) (1) and is covered for purposes of disclosure under § 226.4 (a) (6), charges or premiums for insurance against loss of or damage to property.

(c) Finally, the trial court found that appellant had improperly disclosed a $20 "documentary fee." The "documentary fee" was itemized under the "Other Charges" section of the disclosure statement rather than including such fee in the finance charge. "However, the method of disclosure used by the [appellants] was specifically approved . . . in Meyers v. Clearview Dodge Sales, Inc., 539 F2d 511 (5th Cir. 1976)." Layfield v. Bill Heard Chevrolet Co., 607 F2d 1097, 1099 (5th Cir. 1980). Since we find no violations of the Truth In Lending Act, the trial court erred in granting summary judgment in favor of appellees.

2. In view of the fact that we are reversing the grant of summary judgment in favor of appellees, it is not necessary to decide the issue raised on cross-appeal.

*Judgments reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1982.

*Charles C. Carter,* for appellant.
*Nelson Coffin, David G. Crockett,* for appellees.